IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HEATHER VANEPPS**<br>412 Longfellow Street<br>Vandergrift, PA 15690<br><br>  Plaintiff,<br><br>v.<br><br>**ZOLL LIFECOR CORP**<br>1001 Commerce Drive<br>Cheswick, PA 15024<br><br>  Defendant | **JURY TRIAL DEMANDED**<br><br><br>CASE NO. 2:22-CV-789 |

## CIVIL ACTION COMPLAINT

AND NOW Plaintiff, Heather Vanepps, by and through her undersigned counsel, files this Complaint alleging that her rights, pursuant to the Civil Rights Act of 1964, and applicable federal and state laws have been violated and in support alleges the following:

### I.  PARTIES

1. Plaintiff, Heather Vanepps, hereinafter ("Plaintiff" or "Vanepps"), is an adult individual with a mailing address of 412 Longfellow Street, Vandergrift, PA 15690.

2. Defendant, Zoll Lifecor Corp., hereinafter ("Defendant") owns and operations a location at 1001 Commerce Drive, Cheswick, PA 15024, where Plaintiff was employed.

3. At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### II.  JURISDICTION

4. This action is instituted pursuant to the Civil Rights Act of 1964, and applicable federal and state law.

5. This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

6. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims in this Judicial District.

7. Plaintiff exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A," a true and correct copy of the Dismissal and Notice of Rights to Sue issued by the EEOC).

### III.    FACTS

8. Plaintiff began her employment with Defendant in or around September 1, 2020.

9. Plaintiff was hired as a Production Associate. Ms. Vanepps performed all duties asked of her without any complaints or issues.

10. Ms. Vanepps was pregnant while she worked for Defendant. Unfortunately, on or about August 16, 2021, Ms. Vanepps had a miscarriage of one of her unborn twins for which she used three days of leave.

11. When she returned to work, her supervisor, Matt Redmen, reached over her shoulder and asked, "did you really have a miscarriage or were you just lying to get time off from work?" Matt made this comment in front of her co-workers.

12. Ms. Vanepps reported Redmen to HR who said they would talk to Redmen. After HR spoke with Redmen, he came back into the department and said to Ms. Vanepps, "you went to HR because you got butt hurt because I asked about your miscarriage."

13. Thereafter, Redmen continued to harass Ms. Vanepps and solicited other employees to harass Ms. Vanepps, such as having them continuously question every move that Ms. Vanepps made or any time she took off from work.

14. Ms. Vanepps made written complaints about this behavior to Defendant's HR but no action was taken.

15. As a result, on or about November 3, 2021, Ms. Vanepps approached the most senior supervisor for Defendant with the same complaints of harassment and discrimination by the employees of the company.

16. In response to Ms. Vanepps' complaint, this supervisor told Ms. Vanepps that he "could not control what his employees did."

17. Ms. Vanepps filed a Charge of Discrimination with the EEOC on or about January 5, 2022, for discrimination based on sex, disability, pregnancy and retaliation.

18. Following the filing of her charge, Ms. Vanepps began to be harassed by Defendant's employees.  For example, Ms. Vanepps heard two employees discussing their disbelief that Ms. Vanepps filed a charge against Defendant.

19. Over the next few weeks, Ms. Vanepps heard other employees speaking about her charge of discrimination.

20. Further, while at work one day, Ms. Vanepps' mother-in-law's car was rummaged through.  Upon information and belief, an employee of Defendant is responsible for this incident because the car keys were moved from the spot Ms. Vanepps' mother-in-law originally placed them and only Ms. Vanepps' medical paperwork which was in the car was disturbed.

21. Due to the continued severe and pervasive harassment Ms. Vanepps was experiencing, Ms. Vanepps provided Defendant her two weeks' notice on or about December 21, 2021.

22. On her last day of work, December 31, 2021, Defendant's employee, John Bossie, who is a supervisor who does not work anywhere near Ms. Vanepps, leaned over Ms. Vanepps and said that Ms. Vanepps needed to speak with him, Matt Redmen, Matt Andre, and human resources on why her charge was necessary as, "we know Matt would have never said that about your miscarriage."

### IV.   CAUSES OF ACTION

**COUNT I – EMPLOYMENT DISCRIMINATION**
**(42 U.S.C.A. § 2000e-2(a))**

23. Plaintiff incorporates paragraphs 1-22 as if fully set forth at length herein.

24. Plaintiff's status as a pregnant and child bearing woman places her in a protected class.

25. Plainitff suffered an adverse employment action during her employment with Defendant because Defendant allowed such intolerable working conditions to exist that the reasonable person would have felt forced to resign.

26. Plaintiff's working environment was so unusually adverse that a reasonable employee in her position would have felt compelled to resign.

27. Defendants either intended to force such resignation or had actual knowledge of the intolerable working conditions.

28. Plaintiff's membership in a protected class was a motivating factor in Defendant's adverse employment action.

29. As such, Defendant's adverse employment action is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

30. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

31. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

32. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorneys' fees and court costs.

## COUNT II-
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## GENDER & SEX DISCRIMINATION
## (42 U.S.C.A. § 2000e-2(a))

33. Plaintiff incorporates paragraphs 1-32 as if fully set forth at length herein.

34. Defendant took adverse action against Plaintiff by discriminating against her.

35. Plaintiff's status as a female places her in a protected class.

36. Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to discriminate against Plaintiff.

37. As such, Defendant's discrimination against Plaintiff and its forcing the end of her employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

38. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and

Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

39. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

40. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Plaintiff demands attorneys' fees and court costs.

## COUNT III-
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## RETALIATION
## (42 U.S.C.A. § 2000e-3(a))

41. Plaintiff incorporates paragraphs 1-40 as if set forth more fully at length herein.

42. As set forth above, Plaintiff made complaints to a supervisor about disparate treatment in the workplace and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

43. Defendant took adverse action against Plaintiff by criticizing her and forcing her to terminate her employment.

44. As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendant's decision to take adverse action and retaliate against Plainitff.

45. As such, Defendant's decision to retaliate against Plaintiff's is an action prohibited by the Civil Rights Act of 1964, §704(a).

46. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential

damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

47. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

48. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), *et seq.*, Plaintiff demands attorneys' fees and court costs.

## COUNT IV— PREGNANCY DISCRIMINATION ACT
### (42 U.S.C.A. § 2000(e)(k) et seq)

49. Plaintiff incorporates paragraphs 1-48 as if fully set forth at length herein.

50. At all times material hereto, and pursuant to the Pregnancy Discrimination Act an employer may not discriminate against an employee on the basis of pregnancy, childbirth or other medical conditions.

51. At all times material hereto, Plaintiff was pregnant and subject to the aforementioned adverse actions, as described above.

52. Defendant's conduct in forcing the termination of Plaintiff's employment is adverse action, and was taken as a result of her pregnancy and, as such, constitutes a violation of the Pregnancy Discrimination Act, 42 U.S.C. §2000(e)(k), et seq.

53. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

54. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

55. Pursuant to the Pregnancy Discrimination Act, Plaintiff demands attorneys' fees and court costs.

## V. CAUSE OF ACTION-
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## (43 P.S. § 951, *et seq.*)

56. Plaintiff incorporates paragraphs 1-55 as if fully set forth at length herein.

57. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not discriminate or retaliate against an employee on the basis of a protected status such as gender.

58. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

59. Defendants are Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

60. Defendant's conduct is an adverse action, was taken as a result of her gender, and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

61. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff have also sustained work loss, loss of opportunity and a permanent diminution of his earning power and capacity and a claim is made therefore. Pursuant to the Pennsylvania

Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff, Heather Vanepps demands judgement in her favor and against Defendant, Zoll Lifecor Corp., in an amount in excess of $150,000.00 together with:

A.  Compensatory damages for: including, but not limited to: emotional distress, pain and suffering, personal injury damages, economic loss, lost wages and benefits, lost future earnings and lost future earning capacity;

B.  Punitive damages;

C.  Treble damages;

D.  Attorney's fees and costs of suit;

E.  Interest, delay damages; and,

F.  Any other further relief this Court deems just proper and equitable.


Date: May 27, 2022                     **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:  ___/s/ *Mary LeMieux-Fillery, Esquire*
Mary LeMieux-Fillery, Esq., PA ID No.  312785
1500 JFK Blvd., Suite 1240
Phhiladelphia, PA 19063
Telephone: 267-546-0132
Telefax: 215-944-6124
maryf@ericshore.com
*Attorneys for Plaintiff Heather Vanepps*

## **VERIFICATION**

I, <u>Heather Vanepps</u>, verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein made are subject to penalty of law, relating to unsworn falsification to authorities.

Date: 5/27/2022     BY: _/s/ Heather Vanepps_ (Electronically Signed via Nintex AssureSign® — 2022-05-26 19:47:11 UTC - 73.154.185.161 — 3bf8cc18-4e7e-4e6b-b1aa-aea1013c44ca)

Heather Vanepps